IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW N.P. JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-1380-RGA |
| U.S VICE PRESIDENT JOE BIDEN, | : |
| Defendant. | : |

Matthew N.P. Jones, Greenwood, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

February 11, 2019
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Plaintiff Matthew N.P. Jones appears *pro se* and has been granted leave to proceed *in forma pauperis*. He commenced this action on September 5, 2018. (D.I. 2). Jones asserts jurisdiction by reason of a federal question and the United States government as a defendant. The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff has named former U.S. Vice President Joe Biden as the sole defendant. In the Complaint, Jones provides his biography beginning at birth. Many of the allegations are similar to those found in another case filed by Plaintiff, Civ. No. 17-1837-RGA and Civ. No. 18-1383-RGA. Plaintiff alleges rapes, beatings and abuse.

The allegations directed towards Defendant are raised pursuant to federal criminal statute, 18 U.S.C. § 3, as an accessory after the fact. Plaintiff alleges that he met Defendant in 1994 while in the custody his father. Plaintiff alleges his father was in regular contact with Defendant until 2003. Plaintiff also met Defendant in the 1990's during the Clinton/Dole campaign and at the Delaware State Fair "on multiple days in multiple years." In addition, Plaintiff heard Defendant speak at the University of Delaware in the early 2000's. Plaintiff alleges that Defendant was present at Halloween parties he attended in 2000 and 2001 and participated in unlawful acts. Finally, Plaintiff alleges that Defendant is responsible for the spread of poison water in Delaware.

He seeks ten billion dollars in damages.

1

**DISCUSSION**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The allegations in the complaint are legally and factually frivolous. As pled, there is no legal basis for Plaintiff's claim against Defendant for multiple reasons. To

3

the extent the claims are raised pursuant to 42 U.S.C. § 1983 or as a *Bivens* claims for violations of Plaintiff's constitutional rights, the claims are time-barred.

For purposes of the statute of limitations § 1983 and *Bivens* claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983); *Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1087 (3d Cir. 1988). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119. The last date mentioned with regard to acts by Defendant is 2003. Plaintiff commenced this action in 2018. It is clear from the face of the complaint that the claims are time-barred.

In addition, to the extent the Complaint relies upon federal criminal statutes to impose criminal liability upon Defendant pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

Finally, after thoroughly reviewing the Complaint and applicable law, the Court draws on its judicial experience and common sense and finds that the claims are frivolous. Therefore, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint as legally frivolous

4

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   The Court finds amendment futile.

An appropriate order will be entered.